**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-0385-WS-C** |
| | ) | |
| **JEREMIAH HALE,** | ) | **CIVIL NO. 09-0494-WS** |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This matter is before the Court on petitioner Jeremiah Hale's Motion under 28 U.S.C. §
2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 70).  Also
before the Court are the Magistrate Judge's Report and Recommendation (doc. 114), as well as
petitioner's Statement of Objection (doc. 117), Brief and Memorandum of Law (doc. 116), and
Motion for Leave to File Amended § 2255 Petition and Amended § 2255 Petition (doc. 120).

**I.      Relevant Background.**

On January 24, 2008, petitioner Jeremiah Hale entered a guilty plea in this District Court
to the charge of conspiracy to possess with intent to distribute more than five kilograms of
cocaine, in violation of 21 U.S.C. § 846.  (*See* docs. 39, 37 at ¶ 2.)[1]  The plea agreement signed
by Hale included an acknowledgment that "[t]he maximum penalty the Court could impose as to
Count 1 of the Indictment is ... Imprisonment for a period of 20 yrs to life."  (Doc. 37, ¶ 10.)

The undersigned conducted a sentencing hearing on July 1, 2008.  At that time, counsel
for both sides announced their agreement that Hale was responsible for between 30 and 50
kilograms, but not more than 50 kilograms, of powder cocaine, giving rise to a base offense level
of 34.  (Doc. 62, at 34-35.)  Counsel also reached agreement that there would be no three-level
enhancement for Hale's role in the offense, but that a two-level firearm enhancement was
appropriate.  (*Id.* at 35-36.)  After taking into account Hale's acceptance of responsibility, the
Court concluded that the proper adjusted offense level was 33, which translated into a guideline

---

[1]      The Court is aware that the indictment framed the charged offense in slightly
different terms, and will address that issue *infra*.

range of 135 to 168 months. (*Id.*)[2] However, the Court also found, without objection from either side, that Hale was subject to a statutory mandatory minimum sentence of 240 months because of his prior conviction in state court in January 1998 for felony possession of cocaine. (*Id.* at 36.)[3] On that basis, the undersigned imposed a sentence of 240 months, reasoning that "[i]t is the minimum sentence that I can impose, but ... that sentence certainly is reasonable and accomplishes the sentencing objectives of Section 3553(a)." (*Id.* at 41.) Judgment on Hale's conviction was entered on the docket on August 4, 2008. (Doc. 60.) Hale did not pursue a direct appeal.

## II.    Procedural History of Hale's § 2255 Petition.

On July 30, 2009, Hale presented to prison authorities for mailing his *pro se* § 2255 Motion (doc. 70), as well as a rambling 45-page Memorandum of Law (doc. 71). On its face, the Motion identified only the following four grounds for relief: (i) a claim of ineffective assistance based on counsel's failure to object to or to appeal the two-level firearm enhancement at sentencing; (ii) a claim of ineffective assistance based on counsel's failure to object to the "enhancement" of Hale's sentence "from a level 32 to a level 36" by using relevant conduct to calculate drug quantities; (iii) a claim of ineffective assistance based on counsel's failure "to object at Hale's sentencing to government's failure to properly notify Mr. Hale of the 851(a)(1) enhancement"; and (iv) a claim of ineffective assistance based on counsel's failure to object at sentencing or to raise on direct appeal any claims concerning this Court's purported failure to comply with 21 U.S.C. § 851(b) as it relates to Hale's prior felony drug conviction. (Doc. 70, at 4-8; *see also* doc. 71, at 10-11.)

Although not designated as such, the Government conceded (and the Magistrate Judge

---

[2]        These calculations were achieved in large part through the diligence and skill of Hale's attorney during the sentencing process. Indeed, the 135-168 month range represented a significant reduction from the adjusted offense level of 40 and the guideline range of 292 to 365 months that Hale originally faced, as calculated by the United States Probation Office in the Presentence Investigation Report. (Doc. 56.)

[3]        "If any person [conspires to possess with intent to distribute five or more kilograms of cocaine powder] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment ...." 21 U.S.C. § 841(b)(1)(A).

found) that in his lengthy memorandum of law accompanying his § 2255 petition, Hale had articulated in a single sentence a fifth ground for relief, to-wit: that counsel rendered ineffective assistance by failing to file a notice of appeal when asked to do so. (*See* doc. 77, at 6-7; doc. 114, at 31, 34.)[4] In light of that allegation, the Magistrate Judge "scheduled and conducted an evidentiary hearing, at the government's request ..., out of an abundance of caution given this Court's duty to liberally construe *pro se* pleadings." (Doc. 114, at 34.) The Magistrate Judge properly appointed counsel for Hale for the hearing,[5] which was expressly "limited in scope to Petitioner's claim that his trial attorney failed to file a notice of appeal and appeal his sentence." (Doc. 87, at 2; doc. 99.) The evidentiary hearing was conducted before Magistrate Judge Cassady on April 13, 2010, and a complete audio recording of those proceedings was made by court personnel.

On April 20, 2010, the Magistrate Judge entered a 44-page Report and Recommendation, wherein he recommended that Hale's § 2255 motion be denied and that no certificate of appealability issue. In brief, the Magistrate Judge's findings of fact led him to conclude that Hale was not entitled to relief on his contention that counsel had failed to file an appeal upon request. (Doc. 114, at 37-38.) As for Hale's other claims, all of which alleged ineffective assistance at sentencing, the Magistrate Judge determined that they were barred by the limited appeal waiver contained in Hale's plea agreement. (*Id.* at 39-41.) In response, Latisha Colvin, Esq., Hale's appointed counsel for purposes of the evidentiary hearing, has submitted more than 50 pages of objections and argument spread across three documents. (Docs. 116, 117, 120.) The objections and contentions consist of the following: (a) an argument that Hale's counsel at the guilty plea and sentencing hearings, Neil Hanley, Esq., rendered ineffective assistance at the

---

[4] In particular, buried amidst his 45-page Memorandum in support of his § 2255 petition, Hale alleged, with no elaboration, that "[d]efense counsel Neil Hanley denied Mr. Hale of his constitutional right to appeal these objections [relating to drug quantity calculations and the firearm enhancement], after Mr. Hale requested counsel to do so." (Doc. 71, at 14-15.)

[5] That appointment was made pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, which provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *Id.*

time of his guilty plea by failing to inform him that he was facing a mandatory minimum sentence of 20 years; (b) an argument that Hanley was ineffective in failing to object to the sentencing court's non-compliance with the notice requirements of § 851(b); (c) an argument that Hanley was ineffective in failing to file a notice of appeal or to satisfy his duty of consultation under applicable authorities; and (d) a brand-new argument (raised for the first time a month after the evidentiary hearing) that Hale should be permitted to amend his § 2255 petition to pursue a newly asserted claim that his indictment was tainted by a jurisdictional defect.  Each of these contentions will be addressed in turn.

It bears noting at the outset that petitioner has lodged no objections to the Magistrate Judge's recommendation of denial of his claims of ineffective assistance relating to the firearm enhancement, the drug quantity finding, and the base offense level calculation at sentencing. After due and proper consideration of all portions of the file deemed relevant to the issues raised, the undersigned **adopts** the Magistrate Judge's recommendation made under 28 U.S.C. § 636(b)(1)(B) with respect to those claims and **denies** Hale's § 2255 motion to the extent it seeks relief on theories of ineffective assistance of counsel relating to the guideline calculations that were formulated and applied at his sentencing hearing (specifically encompassing Grounds One and Two set forth in the § 2255 motion).[6]

---

[6]     There is a tension between the reasoning set forth in the Report and Recommendation for denial of these claims (*i.e.*, that they were waived by Hale's plea agreement) and this Court's prior rulings regarding the scope and effect of a limited appeal waiver in the form signed by Hale.  *See United States v. Ezell*, 2009 WL 4016457, *4 (S.D. Ala. Nov. 19, 2009) ("the Court agrees with Ezell that his ineffective assistance of counsel claims relating to his sentence hearing are not barred by operation of the limited sentence appeal waiver and *Williams*").  Nonetheless, Hale has not objected to that portion of the Report and Recommendation.  Even if he had, the Court finds that these grounds for relief are meritless because they cannot satisfy the prejudice prong of a *Strickland v. Washington* analysis.  Hale was subject to, and received, a statutory mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b)(1)(A).  Had his counsel contested the firearm enhancement and base offense level in an effort to lower the guideline range below the 135-168 months range calculated by this Court, Hale's sentence could not possibly have been affected because he was still subject to that 240-month statutory minimum.  Indeed, that statutory mandatory minimum sentence effectively displaced the otherwise-applicable guidelines range, such that Hale's guideline range was precisely 240 months.  *See, e.g., United States v. Williams*, 549 F.3d 1337, 1340-41 (11th Cir. 2008) ("The term 'guideline range' reflects the scope of sentences available to

## III.   Analysis.

### A.   Standard of Review of Report and Recommendation.

Inasmuch as petitioner's objections encompass both the proposed findings of fact and the proposed legal conclusions set forth in the Report and Recommendation, a brief recapitulation of the relevant standard of review is in order.  The Magistrate Judge conducted the hearing and prepared his recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), which authorizes designation of a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, ... of applications for posttrial relief made by individuals convicted of criminal offenses."  *Id.*  "When a district court refers a matter to a magistrate judge to conduct an evidentiary hearing and make findings of fact, ... the district court is generally free to employ the magistrate judge's findings to the extent that it sees fit - the court may adopt the magistrate judge's findings in whole, in part, or not at all."  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007).

Having reviewed the Report and Recommendation, as well as Hale's objections to same, this Court is tasked with making "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  § 636(b)(1). "Whenever any party makes a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue. ... [T]he district court's consideration of the factual issue must be independent and based upon the record before the court."  *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). In that regard, the district judge is permitted "to adopt the credibility findings made by a

---

the district court, which could be limited by a statutorily imposed mandatory minimum 'guideline sentence.' ... For those situations in which the mandatory minimum exceeds the range for the entire offense level, the 'guideline sentence' would thus be the same as the 'guideline range,' even if it involves a 'range' of only one number."). Thus, there can be no prejudice accruing to Hale from any deficient performance by his counsel with respect to the firearm enhancement or base offense level calculations, because even if the firearm enhancement were removed and the base offense level reduced, Hale's guideline range would have remained at 240 months, which is exactly the sentence he received.  These ineffective assistance claims are plainly meritless.

magistrate judge without conducting a new hearing before making a final determination."
*Amlong*, 500 F.3d at 1245; *see also United States v. Cofield*, 272 F.3d 1303, 1305 (11th Cir. 2001) ("a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings").[7]  Nonetheless, "[w]hen objections are made to findings which the magistrate judge made based upon the testimony of witnesses, we require the district court to review the transcript or listen to the tape-recording of those proceedings."  *Willis v. United States*, 2009 WL 2840746, *1 (11th Cir. Sept. 4, 2009) (citation and internal quotation marks omitted).  In deference to that requirement, the Court has listened to the entire audio recording (nearly two hours in duration) of the April 13 evidentiary hearing before Magistrate Judge Cassady for purposes of evaluating Hale's objections to recommended findings of fact based on witness testimony.

## B.    *Ineffective Assistance Claim Based on Counsel's Failure to File Appeal.*

### 1.    *Whether Hale Instructed Counsel to Appeal.*

With respect to Hale's claim that he instructed Hanley to file an appeal on his behalf, but that Hanley failed to do so, the Magistrate Judge made a specific finding, based on the record evidence as well as his assessment of the credibility of the witnesses in their conflicting hearing testimony, "that Hale did not instruct/request his attorney to file an appeal."  (Doc. 114, at 38.)  Petitioner now challenges that credibility determination.

After careful review of petitioner's objections, as well as the Report and Recommendation, the audio recording of the evidentiary hearing, and all other portions of the file deemed relevant, the Court **overrules** Hale's objection to the Magistrate Judge's factual finding that Hale did not instruct or request that his attorney file an appeal on his behalf.  Hale is

---

[7]    That said, the Eleventh Circuit has "unambiguously and repeatedly observed that a district court may not reject a magistrate judge's factual and credibility findings" without conducting a separate hearing.  *Amlong*, 500 F.3d at 1245; *see also Cofield*, 272 F.3d at 1306 ("generally a district court must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations" except in rare cases where the transcript contains an articulable basis for rejecting the magistrate judge's credibility findings).  In a nutshell, then, the rule is that this Court may adopt Magistrate Judge Cassady's credibility determinations without conducting a separate hearing, but that it cannot substitute its own credibility determinations for those of the Magistrate Judge without first rehearing the disputed testimony.  Of course, none of the above alters or departs from the *de novo* standard of review for objected-to findings.

a twice-convicted felon.  He signed a factual resume identifying himself as a large-scale drug dealer who trafficked in dozens of kilograms of cocaine.  There was credible evidence at the evidentiary hearing that Hale's dealings with his own attorney were substantially impaired by his propensity for dishonesty, and that the Drug Enforcement Administration refused his overtures for cooperation after he lied to them.  He had a strong motive for untruthfulness at the evidentiary hearing as he strives to extricate himself from his 240-month sentence.  Neither Hale nor his family ever wrote to Hanley to ask him to file an appeal, and Hale included the failure-to-appeal allegation as a mere afterthought to his § 2255 memorandum, where it occupies but two lines in a sprawling 45-page document, after omitting it altogether in his petition.  If Hale really felt that his lawyer had ignored his instructions to appeal, surely he would have emphasized the point more forcefully in his § 2255 documents.  By contrast, Hanley, who was Hale's attorney during both the guilty plea and sentencing proceedings, is a highly capable criminal defense lawyer with more than three decades of experience and a proven track record of filing appeals upon request by his clients, even when he thinks there are no meritorious grounds for appeal. Hanley testified that, in 35 years of practice, he has never omitted filing a notice of appeal when a client asks or instructs him to do so.  Based on all of these facts, as well as the undersigned's impressions upon listening to the recorded testimony of Hale, Hanley, and Hale's immediate family members at the evidentiary hearing, the Court upon *de novo* review accepts and adopts the Magistrate Judge's credibility determination and **finds** as fact that Hale never instructed or requested that Hanley file a notice of appeal.

          2.        *The Duty to Consult.*

As a fallback position, Hale argues that even if he did not instruct Hanley to file an appeal, "Mr. Hanley all but admits that he did not consult with Hale about an appeal" and "made no effort at all, much less a reasonable one, to determine whether Hale wanted to appeal."  (Doc. 117, at 16.)  It is course correct that, as a general matter, defense counsel has a duty to consult with a defendant about a possible appeal even if the defendant has not instructed counsel to appeal.  *See, e.g., Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) ("even if the client does not directly request an appeal, counsel generally has a duty to consult with him about an appeal"); *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) ("counsel generally has a duty to consult with the defendant about an appeal," such that even "where a

defendant has not specifically instructed his attorney to file an appeal, we must still determine whether counsel in fact consulted with the defendant about an appeal") (citations omitted). "[A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal." *Thompson*, 504 F.3d at 1206.

This argument fails for three reasons. First, there is some doubt as to whether the duty-to-consult issue has even been properly joined in these § 2255 proceedings. Neither Hale's petition nor his memorandum of law raises this claim, or makes any allegation that Hanley failed to discharge his consultation obligations. Petitioner having never previously alleged that counsel failed to satisfy his duty to consult, it is unclear why he should be permitted to raise the issue now, for the first time, via objections to the Report and Recommendation, especially where he never presented that argument to the Magistrate Judge. Second, despite a full and fair opportunity to do so at the evidentiary hearing with the benefit of appointed counsel, Hale failed to develop record evidence as to whether and to what extent Hanley consulted with Hale about his appeal rights. Defense counsel did not ask either Hale or Hanley to identify or describe any conversations they may have had concerning the pros and cons of any possible appeal. Having failed to develop any evidence about this claim (which was never actually asserted in the § 2255 motion to begin with), petitioner cannot be heard now to urge this Court to speculate about what consultation did or did not happen between Hanley and Hale. If this claim were actually part of this case, petitioner could and should have developed supporting evidence at the evidentiary hearing. He elected not to do so. This Court will not put words in Hanley's mouth or tar him with the brush of deficient performance on this point, where defense counsel neither identified the issue nor posed questions reasonably calculated to elicit responses as to what he did or did not do in connection with the consultation obligation, but instead waited to raise the issue for the first time in objections to the Report and Recommendation on a nonexistent record.[8]

---

[8] Petitioner argues that Hanley "all but admits that he did not consult with Hale about an appeal." (Doc. 117, at 15.) There was no such admission. Petitioner's counsel did not ask Hanley whether he did or did not consult with Hale about an appeal, nor did she ask Hale that question. Yet petitioner would have this Court conclude from Hanley's silence on topics about which he was not asked any questions that his performance was constitutionally deficient

-8-

Third, even if the duty to consult issue had actually been raised as a ground for relief in Hale's collateral attack on his conviction and sentence, and even if the record reasonably supported a finding that Hanley failed to consult with Hale about his appeal rights, the Court would remain convinced that relief is unwarranted on this ground.  "A criminal defense lawyer is not under a per se constitutional obligation to consult with his or her client about an appeal.  In some cases, the Sixth Amendment requires such consultation; in others, it does not."  *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007).  It is well established that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  *Devine*, 520 F.3d at 1288 (citation omitted); *see also Thompson*, 504 F.3d at 1207.  Among the "highly relevant" factors that courts examine in determining whether a duty to consult exists are (i) "whether the conviction follows a guilty plea," (ii) "whether the defendant received the sentence he bargained for," and (iii) "whether the plea agreement expressly waived some or all appeal rights."  *Otero*, 499 F.3d at 1270 (citation omitted).

As the Court has already found, Hale did not reasonably demonstrate to Hanley that he was interested in appealing.  Nor are there circumstances known or knowable to Hanley from which he could or should have concluded that a rational defendant in Hale's position might want to appeal.  As circumstances appeared to Hanley, his client had voluntarily entered a plea of guilty to a high-volume cocaine conspiracy charge, had received a statutory minimum sentence after initially facing the prospect of a much stiffer guideline sentence, had no basis for challenging the validity of the underlying felony drug conviction from which his statutory minimum sentence was computed, and enjoyed the prospect of a possible "substantial assistance" motion and concomitant reduction if he cooperated truthfully with federal authorities.  On the spectrum of possible outcomes for Hale (who was, after all, by his own admission a large-scale cocaine trafficker with a prior drug felony conviction), this was about as favorable a result as any rational defendant in that unenviable position could hope to achieve.  Moreover,

_____

in this manner.  Such unsupported supposition and conjecture would be improper.

Hanley specifically testified that he was unaware of any nonfrivolous grounds that Hale might have for appealing. Hale had pleaded guilty, had received the minimum sentence available, and had executed a limited appeal waiver that constrained his ability to challenge his conviction and sentence on direct appeal. Under the circumstances of this case, the Court is satisfied that there was no duty to consult about appeal rights, such that Hale would not be entitled to § 2255 relief even if he had properly brought a claim of failure to consult and even if he had adduced evidence at the evidentiary hearing of such a failure. Accordingly, petitioner's objection to the Report and Recommendation predicated on alleged violation of the duty to consult is **overruled**.

### C. *Ineffective Assistance at Sentencing Concerning Section 851(b) Notice.*

As mentioned, one ground for relief articulated in Hale's § 2255 petition is that he received ineffective assistance of counsel when Hanley did not object to this Court's failure "at the sentencing hearing ... to ask petitioner whether he had been previously convicted as alleged in the information and ... [to inform] him that he could not challenge the prior conviction after sentencing, even though both tasks are required by § 851(b) prior to imposing an enhanced sentence." (Doc. 70, at 8.) In objecting to the Report and Recommendation, Hale attempts to bolster this ground for relief by stressing this Court's purported violation of § 851(b) at sentencing. (Doc. 116, at 9-12; doc. 117, at 8-11.)[9]

---

[9]    A generous reading of petitioner's objections to the Report and Recommendation could yield a conclusion that Hale is also attempting to proceed on the ground of his § 2255 motion that Hanley rendered ineffective assistance "by failing to object at Hale's sentencing to government's failure to properly notify Mr. Hale of the 851(a)(1) enhancement." (Doc. 70, at 7.) In that regard, Hale makes a number of vague allegations that he never saw the § 851 notice, that it was filed just four hours before his guilty plea hearing, that he felt rushed, and so on. But the record is exceedingly clear on this point. At 9:03 a.m. on January 24, 2008, the Government filed and electronically served on Hale's counsel an "Enhancement Information" (doc. 35) pursuant to 21 U.S.C. § 851(a), reflecting the Government's intent to rely on Hale's January 1998 conviction of felony cocaine possession to subject Hale to the enhanced punishment provisions of § 841. This information was filed and served on Hale, through his counsel of record, prior to the guilty plea hearing, which took place at 1:00 p.m. on January 24, 2008. This sequence of events complies fully with the temporal requirements of § 851(a), which obligates the Government to file such an information, "and serve[] a copy of such information on the person or counsel for the person," "before entry of a plea of guilty." 21 U.S.C. § 851(a)(1). To the extent, then, that Hale is arguing in his § 2255 petition or his objections to the Report and Recommendation, that Hanley rendered ineffective assistance by failing to object to an untimely

-10-

This ground for § 2255 relief, and this objection to the Report and Recommendation, are devoid of merit.  There was no § 851(b) violation at Hale's sentencing hearing.  It is true, of course, that where an § 851(a) information is filed, the law generally requires that "the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."  21 U.S.C. § 851(b).[10]  It is also true that this Court made no such inquiries or statements at Hale's sentencing hearing.

Notwithstanding the foregoing, Hale's argument is wholly unavailing because it overlooks § 851(e), which provides that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."  21 U.S.C. § 851(e).  This provision is significant because the Eleventh Circuit has declared that "[a] trial court is not required to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information."  *United States v. Weaver*, 905 F.2d 1466, 1482 (11ᵗʰ Cir. 1990) (citation and internal quotation marks omitted).  A § 851(e) time bar on challenges to the underlying conviction is precisely the kind of circumstance excusing observance of form-over-substance § 851(b) rituals at sentencing.  In *Weaver*, for instance, the panel explained that the trial court's

information under § 851(a), that assertion is frivolous.  The Government timely filed and served its § 851(a) information in this case; therefore, it was not constitutionally deficient performance for Hanley not to lodge a timeliness objection, and Hale could not have been prejudiced by his attorney's omission in that regard.  The § 2255 motion is **denied** insofar as it rests on a suggestion that the Government violated § 851(a) notice requirements.

[10]    *See also United States v. Hill*, 142 F.3d 305, 312 (6ᵗʰ Cir. 1998) ("section 851(b) requires the judge at the sentencing hearing to engage in a colloquy with the convicted defendant before enhancing his sentence in order to offer the defendant the opportunity to challenge the prior convictions before they can be used for enhancement purposes").  As a general proposition, "[t]his circuit has insisted upon strict compliance with the mandatory language of the procedural requirements of section 851(a) and (b)."  *United States v. Weaver*, 905 F.2d 1466, 1481 (11ᵗʰ Cir. 1990).

imposition of an § 851 enhancement, despite purported non-compliance with the § 851(b) requirement that it inquire of defendant whether he affirmed or denied the prior conviction, was not vulnerable to attack on appeal because the defendant was precluded by § 851(e) from challenging the validity of that conviction. *Id.* at 1482; *see also United States v. Williams*, 438 F.3d 1272, 1274 (11ᵗʰ Cir. 2006) (where prior felony drug convictions were more than five years old, § 851(e) barred defendant from challenging their validity "as a matter of law," such that district court was excused from compliance with § 851(b)); *United States v. Cespedes*, 151 F.3d 1329, 1334 n.2 (11ᵗʰ Cir. 1998) (although district court failed to perform § 851(b) inquiry at sentencing, defendant "made no claim regarding this omission on appeal, nor could he do so since his prior conviction occurred more than five years before the date of the information"); *United States v. Lee*, 268 Fed.Appx. 813, 816 (11ᵗʰ Cir. Mar. 5, 2008) (similar).

The bottom line is this: The Government filed its § 851(a) enhancement in this case on January 24, 2008. Therefore, § 851(e) precluded Hale from challenging the validity of any prior conviction that predated January 24, 2003, or five years before the information. Hale's prior felony drug conviction occurred in January 1998, well outside the five-year challenge window. As such, Hale was barred by § 851(e) from disputing its validity, as a matter of law, and this Court was excused from embarking on what would have been a meaningless § 851(b) colloquy with Hale. Accordingly, it was not ineffective assistance for Hale's counsel not to object at sentencing to this Court's failure to conduct such a colloquy. Simply put, there was no error to which objection could be made. *See generally Chandler v. Moore*, 240 F.3d 907, 917 (11ᵗʰ Cir. 2001) (defense counsel is not ineffective for failing to raise a nonmeritorious issue); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11ᵗʰ Cir. 1994) ("it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel).[11]

--------

[11] Although the foregoing is sufficient to dispose of Hale's claim, the analysis can be carried a step further. In *Weaver*, the Eleventh Circuit suggested, without expressly stating, that the district court was not required to satisfy § 851(b) where defendant or defendant's counsel "fail[ed] to object to the prior convictions contained in the government's information and in the PSI," such that "by implication, he agreed that the prior convictions stated in the PSI were correct." *Weaver*, 905 F.2d at 1482. This case is similar. Hale and his counsel never objected to the § 851(a) notice after they received it on January 24, 2008. Nor did Hale or his counsel object to the Presentence Report's criminal history summary, which specifically

For all of these reasons, the Court finds that Hale's claims in his § 2255 petition that his counsel was ineffective in not objecting to untimely § 851(a) notice or violation of § 851(b) colloquy requirements are entirely lacking in merit, and are due to be **denied**.

###### D. *Ineffective Assistance Issues Concerning Guilty Plea.*

The Court has now written to and denied all four grounds for relief interposed by Hale in his § 2255 Motion and supporting Memorandum of Law. Yet there remain additional outstanding issues before the Court that are beyond the scope of the original § 2255 filings. In briefing following the Report and Recommendation, Hale's present counsel has endeavored to interject a pair of new issues in these proceedings. Such efforts to engage in substantial modification of the structure and nature of Hale's § 2255 petition following briefing, an evidentiary hearing, and expiration of relevant filing deadlines are unavailing.

The first new issue relates to the voluntariness of Hale's guilty plea. The April 13 evidentiary hearing veered into a presentation of evidence concerning the circumstances of Hale's guilty plea, and particularly whether Hanley had informed him of the Government's § 851 notice or the fact that he was facing a 20-year mandatory minimum sentence.[12] In his objections

---

identified that Hale had been convicted of possession of cocaine in state court in January 1998, for which he had been sentenced to a year and a day in custody. (Doc. 56, ¶ 49.) Finally, at sentencing, the Court asked counsel for both sides whether it was correct that Hale was subject a 240-month mandatory minimum based on the January 1998 cocaine conviction, and both attorneys concurred. (Doc. 62, at 36.) Given these circumstances and admissions as to the validity of the prior conviction, there was no reason for the Court to incorporate the § 851(b) colloquy into the sentencing hearing in this case, and it would have been a waste of time for defense counsel to object to that omission, as Hale now insists his counsel should have done.

[12]     The audio recording of that hearing confirms that petitioner did not couch this testimony as a separate ground for § 2255 relief. Rather, the sole stated purpose of this evidentiary detour was to identify the issues that Hale would have raised on direct appeal had Hanley filed a notice of appeal on his behalf. After all, Magistrate Judge Cassady had been unequivocal in his pre-hearing directives that the hearing would "be limited in scope to petitioner's claim that his trial attorney failed to file a notice of appeal and appeal his sentence." (Doc. 99, at 2.) In furtherance of this claim, Hale testified that he had wanted to appeal the voluntariness of his guilty plea. So the sole purpose of allowing evidence concerning Hale's guilty plea at the § 2255 hearing was in relation to the ground for relief concerning whether Hanley had rendered ineffective assistance by not filing a notice of appeal. At no time prior to or during the hearing did Hale or his counsel indicate their intent to raise as a separate § 2255

to the Report and Recommendation, petitioner urges this Court "to conclude that Hale's guilty plea was not knowing and voluntary because he was not properly advised by counsel prior to pleading guilty that the § 851 notice actually had been filed and because of that fact, a 20-year sentence was *mandatory* in Hale's case." (Doc. 117, at 18.) Hale further asserts that he "should be allowed to withdraw his guilty plea" on that basis. (*Id.*) Hale insists that "[a]t issue here is the voluntariness of Hale's guilty plea." (Doc. 116, at 11.) But this "issue" has not been properly or timely presented by petitioner, and therefore cannot be considered.

To eliminate ambiguity, it bears emphasis that nowhere in Hale's § 2255 petition or his accompanying memorandum of law did he affirmatively allege (or even suggest) that he had received ineffective assistance of counsel in connection with his decision to change his plea to guilty.[13] The ineffective assistance claims recited in Hale's petition focus exclusively on his counsel's conduct at the sentencing hearing and post-sentencing. (Doc. 70, at 4-8.) As will be explained, this procedural fact is of critical importance to a timeliness analysis.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a strict one-year limitation for § 2255 petitioners, such that Hale was obligated to file his petition no later than one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[14] Because Hale did not pursue a direct appeal, his judgment of conviction became

---

ground a claim of ineffective assistance in connection with the voluntariness of Hale's guilty plea.

[13]    The only allegations in Hale's § 2255 motion pertaining to the § 851 information were that the Government failed to provide proper notice under § 851(a) and that the District Court failed to adhere to the "rituals" of § 851(b). The petition was devoid of any claim that Hale's counsel rendered ineffective assistance by concealing the § 851 information from him and deceiving him into believing that he was facing a minimum mandatory sentence of 10 years, rather than 20 years, if he pleaded guilty. Likewise, Hale's 45-page memorandum of law appended to his § 2255 petition ascribes ineffective assistance to his counsel at sentencing in a variety of respects, but never alleges that Hanley rendered ineffective assistance at the guilty plea stage of the proceedings, much less that Hanley had misled him into thinking that his statutory minimum sentence was just 10 years. Once again, Hale is trying to change his story and transform his § 2255 motion into a moving target.

[14]    The statute provides for alternative triggers for the one-year period where "the movant was prevented from making a motion by ... government action," where a "right has been newly recognized by the Supreme Court and made retroactively applicable," or where the claim

-14-

final on August 18, 2008, which was 14 days after the entry of judgment on August 4, 2008. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); Rule 4(b)(1)(A)(i), Fed.R.App.P. (criminal defendant's notice of appeal must be filed in district court within 14 days after entry of judgment). Thus, by the clear provisions of AEDPA, any § 2255 Motion that Hale might wish to submit was due by no later than August 18, 2009. Hale timely filed his § 2255 petition on July 30, 2009. (Doc. 70.) However, the first time he ever tried to raise a claim of ineffective assistance of counsel in connection with his guilty plea was in his Brief (doc. 116) and Statement of Objection (doc. 117) filed on May 4, 2010, more than eight months after the AEDPA deadline had passed.

In an effort to wave aside the glaring procedural irregularities to his injection of a brand-new ground for habeas relief at this time, Hale states that "the knowing and voluntary nature of Hale's plea was called into question" at the hearing and that this Court is duty-bound to address "issues placed before the court and discussed at the hearing" in a § 2255 setting. (Doc. 117, at 17.) This statement of law is incorrect. A habeas petitioner cannot circumvent the AEDPA deadline by hijacking a § 2255 evidentiary hearing to assert a new, previously unpled issue; rather, that limitations period is strictly enforced. *See, e.g., Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) ("A federal court that sits in collateral review of a criminal judgment ... has an obligation to enforce the federal statute of limitations."); *Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004) (pointing out "AEDPA's unambiguous intention ... to give petitioners but a single year in which to file their claims"); *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) (recognizing that, to fulfill legislative intent, courts must engage in "strict interpretation of the one-year limitation period for federal prisoners in § 2255").[15] Contrary to Hale's argument,

---

was based on newly-discovered facts. 28 U.S.C. § 2255(f)(2)-(4). Petitioner has not alleged, and there is no reason to believe, that any of those circumstances are applicable here; therefore, his AEDPA clock commenced running when his judgment of conviction became final.

[15] In that regard, petitioner's reliance on pre-AEDPA authority that a § 2255 claim may be sufficiently raised as long as it is "at some point placed before the district court" cannot be reconciled with present law demanding rigorous enforcement of the one-year limitations period.

an evidentiary hearing is not a penalty-free second-chance platform for a § 2255 petitioner to raise new claims that he did not think to bring earlier, without regard to the AEDPA deadline.

Although Hale has not invoked either of them, the exceptions of equitable tolling and relation back are inapplicable to preserve his untimely ineffective assistance claim concerning the advice his attorney provided at the guilty plea stage. As for the former, "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). It is only available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Hale has made no showing that his failure timely to raise a claim of ineffective assistance of counsel concerning his decision to plead guilty was due to extraordinary circumstances beyond his control; rather, by all appearances, this claim was known by and/or available to him all along, and he simply elected not to raise it until long after the limitations period had expired.

Nor is Hale's belated filing excused on a relation back theory. An untimely habeas claim may be preserved in certain circumstances under the doctrine of "relation back," which "causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). "[F]or an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. ... Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (citations omitted). "[N]ew claims alleging different trial errors [are] not part of the same course of conduct, and, as such, [do] not relate back to the date of the appellant's timely filed § 2255 motion." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); *see also Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) ("The *Davenport* rule makes it clear that the key factor is whether the amended claims

arise from the same underlying facts as the original claims.").[16]

Here, Hale's original § 2255 motion and brief raised claims of ineffective assistance of counsel, but confined them to the sentencing hearing and post-sentencing conduct. There was no indication in those filings that Hale believed his attorney was ineffective in any respect in the negotiations or discussions culminating in his guilty plea. Invoking an ineffective assistance theory with respect to one aspect of his criminal proceedings (*i.e.*, sentencing) does not authorize later, untimely ineffective assistance claims with respect to other aspects of those proceedings (*i.e.*, the decision to plead guilty). In other words, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009). Where a § 2255 petitioner timely raises ineffective assistance claims concerning one part of the case, the Eleventh Circuit has steadfastly refused to allow relation back of later-filed ineffective assistance claims concerning other aspects of the representation.[17] Simply stated, Hale's newly raised, untimely claims that counsel provided ineffective assistance in his decision to plead guilty do not satisfy the "same set of facts" and "both time and type" requirements for relation back. Accordingly, the ineffective assistance claim concerning Hale's

---

[16]     The rationale for the narrowness of the "relation back" exception is straightforward: "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Mayle v. Felix*, 545 U.S. 644, 662, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

[17]     *See Davenport*, 217 F.3d at 1346 (ineffective assistance claim that counsel failed to inform petitioner of possible plea agreement does not relate back to original ineffective assistance claim based on counsel's failure to challenge chemical composition of drugs); *Espinosa v. United States*, 2009 WL 1741562, *2 (11th Cir. June 22, 2009) (where initial § 2255 motion alleged ineffective assistance of counsel at specific moments in trial and sentencing, newly raised ineffective assistance claims concerning counsel's pretrial performance do not relate back); *Mabry v. United States*, 336 Fed.Appx. 961, 964 (11th Cir. July 15, 2009) (new claim that counsel rendered ineffective assistance at sentencing by failing to assist court in computing correct guideline level does not relate back to original claim of ineffective assistance at sentencing based on failure to explain defendant's substantial assistance, in that "[a]lthough both claims involve counsel's performance at sentencing, they involve very different aspects of counsel's performance").

guilty plea does not relate back, and is time-barred by operation of AEDPA.[18]

### E.    Proposed New Claim of Defective Indictment.

On May 13, 2010, Hale filed a Motion for Leave to File Amended § 2255 Petition (doc. 120) to assert a brand new claim that the indictment is defective because Count I (the count to which he pleaded guilty) charges that Hale conspired "to attempt to possess with intent to distribute" cocaine. According to Hale, this formulation constitutes a jurisdictional defect in the indictment. *See generally United States v. Meacham*, 626 F.2d 503, 509 (5th Cir. 1980) ("we hold that §§ 846 and 963 do not authorize conspiracy-to-attempt prosecutions"). Hale further maintains that his guilty plea does not waive this jurisdictional defect, and that he should therefore be allowed to pursue it now.

Hale's request to amend his § 2255 petition to assert this claim of a defective indictment is due to be denied. As noted *supra*, the strict one-year filing deadline for § 2255 actions means that Hale was obligated to plead all of his grounds for collateral relief in this matter by no later than August 18, 2009. He did not move to amend his pleading to assert the defective indictment ground for relief until May 13, 2010, almost nine months after expiration of the relevant deadline. Hale asks the Court to overlook the plainly untimely nature of his proposed amendment, and contends that principles of equitable tolling and relation back authorize him to

_____

[18]    Even if Hale's guilty-plea ineffective assistance claim were timely, the Court would not consider it on the merits because Hale never presented this argument to the Magistrate Judge, but instead waited until his objections to the Report and Recommendation to assert it for the first time. When a district judge refers dispositive motions to a magistrate judge for recommendation, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, "[s]ystemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Id.* (citations omitted). In light of these principles, and the considerable inefficiency created by Hale's failure to tell the Magistrate Judge the grounds on which he wanted relief but instead to spring them on this Court after briefing on the underlying petition had been concluded, after an evidentiary hearing had been conducted, and after significant judicial resources had been expended in the Magistrate Judge's preparation of a Report and Recommendation, the Court would exercise its discretion not to entertain new arguments from Hale that his lawyer rendered ineffective assistance by not telling him about the 20-year mandatory minimum sentence before he entered his guilty plea.

amend his § 2255 motion to raise this new ground for relief now.[19]  The Court disagrees.

As mentioned, equitable tolling "is a remedy that must be used sparingly," meaning that it is available only "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes."  *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted).  In the Eleventh Circuit, "equitable tolling is available only when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Hunter*, 587 F.3d at 1308 (citations and internal quotation marks omitted).  The law is clear that, to satisfy a movant's burden of showing extraordinary circumstances, "[a] truly extreme case is required."  *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008).  Hale's showing of extraordinary circumstances falls well short of the mark.  In essence, he claims that extraordinary circumstances exist because (a) he filed his initial petition *pro se*, and counsel was appointed only recently, (b) his proposed new claim has merit, and (c) he exercised due diligence in bringing the claim prior to final adjudication of his § 2255 petition.

---

[19]     Hale does not suggest that because his defective indictment claim is jurisdictional in nature, it is exempt from the one-year AEDPA limitations period.  Nonetheless, any such contention would have failed, given the formidable and unbroken line of federal authority to the contrary.  *See, e.g., Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (pointing out that "[n]othing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period" and holding that such petitions "are not exempt from § 2255's filing deadline"); *Davis v. Secretary, Dep't of Corrections*, 2009 WL 4730548, *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); *United States v. Williams*, 2009 WL 3230399, *8 (N.D. Fla. Oct. 2, 2009) ("Jurisdiction is specifically listed as a ground for § 2255 relief, and is not excluded from ... the one year limitations period of § 2255(f)"); *United States v. Hicks*, 2009 WL 1620430, *1 (E.D. Mich. June 9, 2009) (indicating that federal courts have "uniformly rejected" contention that jurisdictional challenges are exempt from § 2255 limitation period); *United States v. Davis*, 2007 WL 2177684, *2 (E.D. La. July 30, 2007) ("Section 2255 explicitly states that post-conviction challenges to a federal court's jurisdiction are subject to AEDPA's one-year statute of limitations."); *Hubert v. United States*, 2006 WL 2404007, *6 (W.D. Ky. Aug. 17, 2006) ("§ 2255 does not exempt jurisdictional challenges from AEDPA's statute of limitation provisions"); *Johnson v. Jones*, 2006 WL 2092601, *2 (M.D. Ala. July 27, 2006) (in response to petitioner's argument that jurisdictional defect in indictment is not governed by AEDPA period, declaring that "[n]either 28 U.S.C. § 2244(d) nor federal case law ... makes such an exception for jurisdictional issues").

A petitioner's *pro se* status is not sufficient to warrant equitable tolling.[20]  Nor is equitable tolling justified where a petitioner discovers a technical defect in the indictment, giving rise to a claim of, at most, legal innocence, not factual innocence.[21]  Hale has failed to identify any due diligence he undertook to discover and pursue this claim prior to the AEDPA deadline, nor has he shown anything approaching the level of extraordinary circumstances beyond his control. None of the facts and arguments raised by Hale suggest that this is a "truly extreme case"; therefore, equitable tolling is not appropriate.  The mere facts that Hale did not have a lawyer when he filed his initial petition, and now he does have one, and that his new lawyer has identified a previously unasserted claim that Hale did not recognize are not the types of circumstances that are deemed extraordinary, so as to trigger equitable tolling.  *See generally Outler v. United States*, 485 F.3d 1273, 1282 n.3 (11th Cir. 2007) (if a habeas petitioner "is allowed to raise claims that only occurred to him after the limitations period it would not be equitable to other petitioners who also thought of claims after the period expired").

   Nor is relation back appropriate here.  Petitioner attempts to hitch his wagon to the Rule

---

[20] *See, e.g., United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (petitioner's "difficulties with the English language" that "prohibited him from timely discovering" his habeas claims do not justify equitable tolling); *Miller v. Florida*, 307 Fed.Appx. 366, 368 (11th Cir. Jan. 13, 2009) ("Appellant was not entitled to equitable tolling because of his lack of legal training" or his "inability to obtain appointed counsel"); *Rich v. Department of Corrections State of Fla.*, 317 Fed.Appx. 881, 883 (11th Cir. Sept. 12, 2008) (petitioner's "*pro se* status and his conformity with state law are not extraordinary circumstances"); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Williams v. Beard*, 300 Fed.Appx. 125, 134 (3rd Cir. Oct. 17, 2008) (petitioner cannot "toll the AEDPA statute of limitations indefinitely simply by obtaining new counsel ... and alleging new claims based on a fresh review of an old record"); *Sanchez v. Phelps*, 621 F. Supp.2d 183, 187 (D. Del. 2009) ("a *pro se* petitioner's lack of legal knowledge, or a mistake resulting from the absence of such knowledge, does not constitute an extraordinary circumstance for equitable tolling purposes").

[21] *See, e.g., Rich*, 317 Fed.Appx. at 883 (actual innocence exception to AEDPA time bar requires new evidence of factual innocence); *Williams v. Dexter*, 649 F. Supp.2d 1055, 1062 n.5 (C.D. Cal. 2009) (in AEDPA context, "actual innocence means factual innocence, not mere legal insufficiency") (citations omitted); *Ajamu-Osagboro v. Patrick*, 620 F. Supp.2d 701, 718 (E.D. Pa. 2009) (similar).

15(a) liberal amendment standard, citing Eleventh Circuit habeas authority for the premise that the "policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion." *Espey v. Wainwright*, 734 F.2d 748, 750 (11ᵗʰ Cir. 1984). Petitioner reads far too much into *Espey*. Merely allowing the amendment would be a purely hollow gesture, not benefitting Hale in the slightest, because of the obvious AEDPA limitations problem, unless the facially untimely amendment (first proposed nearly nine months after the AEDPA deadline) relates back to the timely original petition. Rule 15(a) tells us nothing about relation back or timeliness; rather, that question must be analyzed under Rule 15(c), not Rule 15(a).[22]

In an attempt to show relation back, Hale parrots back the Rule 15(c) standard and states in conclusory fashion that "Hale's lack of jurisdiction claim relates back to the same set of facts that gave rise to his initial petition." (Doc. 120, at 11.) This argument is demonstrably incorrect. As noted previously, the facts giving rise to Hale's initial petition were that he received a two-level firearm enhancement at sentencing, he received an "enhancement" at sentencing based on drug quantity, his attorney did not object at sentencing to improper § 851(a) notice by the government, his attorney did not object at sentencing to the district court's failure to engage in an § 851(b) colloquy, and his attorney did not file an appeal. None of those facts have anything to do, in time or type, with the indictment defect that Hale now wants to raise as a new claim for relief. In other words, the jurisdictional issue in Hale's motion to amend lacks the requisite common core of operative facts with Hale's timely claims, and therefore cannot relate back, as a matter of law. Accordingly, the new claim does not relate back, and is untimely. *See Mayle v. Felix*, 545 U.S. 644, 662, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.");

---

[22] Another way to make the same point is this: Even under Rule 15(a), "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11ᵗʰ Cir. 2004) (citation omitted). An untimely complaint is obviously subject to dismissal; therefore, if the new proposed claim in the amendment is time-barred, denial of the amendment would be appropriate, even under the liberal Rule 15(a) standard, on futility grounds.

*Davenport*, 217 F.3d at 1344 ("in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type'").

For all of these reasons, the Motion for Leave to File Amended Petition is **denied** as untimely. Petitioner's proposed new claim is not eligible for either equitable tolling or relation back. Because that new claim is time-barred by a substantial margin, it cannot properly be considered at this time.

IV.    **Conclusion.**

For all of the foregoing reasons, it is hereby **ordered** as follows:

1.    The undersigned **adopts** the Magistrate Judge's recommendation made under 28 U.S.C. § 636(b)(1)(B), and **overrules** petitioner's objections.

2.    The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 70) is **denied**.

3.    A Certificate of Appealability is **denied** pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, and petitioner is not entitled to appeal *in forma pauperis*.

4.    The Motion for Leave to File Amended § 2255 Petition (doc. 120) is **denied** because the proposed new claim is time-barred.

5.    Given that the Federal Defenders Organization was appointed to represent petitioner solely in connection with the evidentiary hearing (*see* doc. 99) as required by Rule 8(c) of the Rules Governing § 2255 Cases, and given that the hearing and all post-hearing briefing have now concluded, the appointment of the Federal Defenders Organization in this matter is hereby **terminated**.

DONE and ORDERED this 24th day of May, 2010.


s/ WILLIAM H. STEELE                              
CHIEF UNITED STATES DISTRICT JUDGE