# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-0385-WS |
| | ) | |
| JEREMIAH HALE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Jeremiah Hale's filing styled "Motion to Have Conviction and Sentence Declared Void for Lack of Subject Matter Jurisdiction" (doc. 192). On January 24, 2008, Hale entered a guilty plea in this District Court to the offense of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. (*See* docs. 39, 37 at ¶ 2.) On July 1, 2008, the undersigned imposed the statutory mandatory minimum sentence of 240 months because of Hale's prior conviction in state court for felony possession of cocaine. (Doc. 62, at 36.) Judgment on Hale's conviction was entered on the docket on August 4, 2008. (Doc. 60.) Hale did not pursue a direct appeal.

Beginning in May 2010 and on several occasions since then, Hale has periodically petitioned this Court for relief from his conviction and sentence on the ground that the Indictment is defective because Count I (the count to which he pleaded guilty) charges that Hale conspired "to attempt to possess with intent to distribute" cocaine. According to Hale, this formulation constitutes a jurisdictional defect in the Indictment. The Court has repeatedly addressed and rejected this claim as time-barred under the strict AEDPA one-year filing deadline. (*See* docs. 121, at 18-22; doc. 156, at 4; doc. 167; doc. 169.) Hale's appeals of these rulings have all been fruitless.

Now, more than 11 years after entering his guilty plea, Hale endeavors once again to obtain relief from his conviction and sentence based on the "conspiring to attempt" language of the Indictment. His present Motion frames his theory as being that such language deprived the Court of subject matter jurisdiction because the charged offense is not a crime against the United States. The fundamental problem with Hale's argument is that it is untimely. Hale first raised

this ground for collaterally attacking his conviction and sentence in May 2010, well after the one-year filing deadline prescribed by AEDPA had expired. As the Court has previously explained to him (*see* doc. 121 at 18-19 & n.19), dressing up this argument with a "jurisdictional" label does not exempt it from compliance with AEDPA and does not resuscitate an untimely argument that he now seeks to relitigate more than a decade after the fact. A veritable avalanche of federal precedent forecloses Hale's stratagem. Confronting an argument akin to Hale's, the Eleventh Circuit has written, "This is wrong. The habeas statute specifically includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under § 2255. … Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to a motion under this section." *Williams v. United States*, 383 Fed.Appx. 927, 929-30 (11th Cir. June 21, 2010) (citations and internal quotation marks omitted).[1]

---

[1] *See also United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) ("Jurisdictional claims are subject to the one-year limitations period for § 2255 claims, and such claims may only form the basis for second or successive § 2255 motions if movants meet the requirements of §§ 2244 and 2255(h).") (footnotes and citations omitted); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (pointing out that "[n]othing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period" and holding that such petitions "are not exempt from § 2255's filing deadline"); *United States v. Card*, 534 Fed.Appx. 765, 767 (10th Cir. Aug. 20, 2013) ("Assuming he is permitted to challenge the district court's jurisdiction for the first time in a § 2255 motion, the motion must still be timely" and comply with one-year limitation period); *Wallace v. United States*, 981 F. Supp.2d 1160, 1167 (N.D. Ala. 2013) ("Section 2255 provides that claims alleging that the court was without jurisdiction to impose such a sentence may be raised in a § 2255 motion … **and** that a 1-year period of limitation shall apply to a motion under this section. … [Section] 2255 explicitly states that the limitations period shall apply to all motions made under § 2255.") (citations and internal marks omitted); *Smith v. United States*, 845 F. Supp.2d 1288, 1295 (S.D. Fla. 2012) ("The law is clear that movant cannot circumvent the one-year AEDPA federal limitations period by challenging his criminal conviction on jurisdictional grounds."); *Robinson v. Stewart*, 2015 WL 5766937, *5 (S.D. Ala. Aug. 10, 2015) ("Petitioner has cited no authority that stands for the proposition that alleged jurisdictional issues are exempt from the one-year limitations period; indeed, the authority in existence stands for the contrary."); *Henderson v. United States*, 2018 WL 1413185, *3 (W.D.N.C. Mar. 21, 2018) ("Petitioner's assertion that a challenge to subject matter jurisdiction can be raised at any time likewise fails. … Petitioner argues that there was a lack of jurisdiction in the criminal case. The one-year statute of limitations governs such a challenge.") (citations omitted); *Cruz-Danzot v. United States*, 2017 WL 1401286, *2 (D.P.R. Apr. 19, 2017) ("the one-year statute of limitations applies to all motions to vacate, set aside, or correct a sentence upon the ground that … the court was without jurisdiction to impose such
(Continued)

In light of this unbroken line of authorities negating his claim, Hale's latest attempt to litigate the purported "jurisdictional defect" in his Indictment must fail. He raised this issue for the first time back in May 2010, well after expiration of the one-year AEDPA limitations period. Some nine years ago, this Court held that Hale's jurisdictional-defect argument – the very same one he seeks to pursue today – is time-barred by a substantial margin. (Doc. 121, at 22.) The Eleventh Circuit affirmed that ruling. (Doc. 137.) His "Motion to Have Conviction and Sentence Declared Void for Lack of Subject Matter Jurisdiction" (doc. 192) is **denied** for precisely the same reasons.

For all of the foregoing reasons, the Court **certifies** that the legal arguments presented in Hale's Motion are frivolous (*i.e.*, they lack an arguable basis in fact and law) and that any appeal from today's ruling would not be taken in good faith. Therefore, Hale will not be permitted to proceed on appeal *in forma pauperis*. *See* Rule 24(a)(3)(A), Fed.R.App.P. (litigant may not proceed on appeal IFP if "the district court … certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding").

DONE and ORDERED this 20th day of May, 2019.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE

---

sentence") (citations and internal marks omitted); *Smith v. United States*, 2016 WL 3194980, *8 (M.D. Fla. June 9, 2016) ("Section 2255 gives no indication that jurisdictional challenges are exempt from the one-year statute of limitations. Thus, Smith cannot avoid the statute of limitations by arguing that there was a jurisdictional defect in the Indictment."); *Davis v. Secretary, Dep't of Corrections*, 2009 WL 4730548, *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); *Hubert v. United States*, 2006 WL 2404007, *6 (W.D. Ky. Aug. 17, 2006) ("§ 2255 does not exempt jurisdictional challenges from AEDPA's statute of limitation provisions").