# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-0385-WS |
| | ) |
| JEREMIAH HALE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on limited remand from the Eleventh Circuit Court of Appeals. On May 20, 2019, the undersigned entered an Order (doc. 194) denying petitioner Jeremiah Hale's filing styled "Motion to Have Conviction and Sentence Declared Void for Lack of Subject Matter Jurisdiction." The May 20 Order explained that Hale's latest attempt to obtain relief from the August 2008 judgment and accompanying 240-month statutory minimum sentence was untimely under the one-year filing deadline prescribed by AEDPA. The May 20 Order further determined that Hale's recharacterization of this previously-rejected argument as a "jurisdictional defect" did not exempt it from the AEDPA one-year limitations period. On that basis, this Court denied the Motion and expressly certified "that the legal arguments presented in Hale's Motion are frivolous (*i.e.*, they lack an arguable basis in fact and law) and that any appeal from today's ruling would not be taken in good faith," such that Hale would not be permitted to proceed on appeal *in forma pauperis*. (Doc. 194, at 3.) On July 9, 2019, the undersigned entered an Order (doc. 198) denying Hale's Motion to Proceed *In Forma Pauperis* for precisely the same reasons, namely, that the issues raised in the underlying Motion are plainly time-barred and his legal arguments are frivolous.

Hale proceeded to appeal these rulings. Upon receipt of the appeal, the Eleventh Circuit observed that this Court had not addressed whether a certificate of appealability ("COA") was warranted as to the May 20 Order dismissing Hale's construed § 2255 Motion. For that reason, the appellate court remanded this action "on a limited basis so that the district court may consider whether a COA is appropriate for any of the issues that Hale seeks to raise on appeal." (Doc. 201, at 3.) Of course, a COA may issue "only if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017) (citation and internal quotation marks omitted).

The Court determines that no COA is appropriate for any issues that Hale seeks to raise on appeal. As set forth in the undersigned's previous orders, Hale is attempting to litigate the sufficiency of the Indictment (by arguing that the Indictment is jurisdictionally defective because it charges Hale with conspiring to attempt to possess with intent to distribute cocaine) more than a decade after the fact of his conviction and sentence. Federal appellate courts have repeatedly found that jurisdictional challenges of the sort Hale seeks to raise here are not exempt from the one-year limitations period prescribed by AEDPA for § 2255 filings. Hale has missed that deadline by a wide margin. Accordingly, jurists of reason could not conclude that the issues presented on appeal are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). For these reasons, as well as those set forth in the Orders entered on May 20, 2019 and July 9, 2019, the Court determines that no Certificate of Appealability should issue in this case.

DONE and ORDERED this 7th day of October, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE