**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JEREMIAH HALE, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. 09-0494-WS-MU |
| vs. | : | CRIMINAL NO. 07-0385-WS-MU |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This action is before this Court on Petitioner Jeremiah Hale's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Motion for Resentence Pursuant to Retroactive Section 404 of the First Step Act" (Doc. 204), filed July 15, 2020. In attempting to establish that he is entitled to relief, Hale once again seeks to relitigate matters previously addressed by this Court. (*Compare id.* at 7-9 *with* Docs. 114, 121-22, 150, 156, 167, 169, 173, 194, 198 & 202). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed with prejudice due to Hale's failure to comply with 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

## FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2008, Hale entered a counseled guilty plea to the offense of conspiracy to possess with intent to distribute more than five kilograms of powder

cocaine, in violation of 21 U.S.C. § 846. (*Compare* Doc. 67, at 12-15 *with* Doc. 1, at 1;

*see also* Docs. 37 & 39). On July 1, 2008, the Court imposed the mandatory minimum

sentence of 240 months because of Hale's prior conviction in state court for felony

possession of cocaine. (Doc. 62, at 36 & 40-41).[1] In imposing this sentence, the Court

noted both that it was the statutory minimum sentence and, as well, that it was a

reasonable sentence that accomplished the objectives of § 3553(a). (*Id.* at 40-41).

Judgment on Hale's conviction was entered on the docket on August 4, 2008. (Doc. 60).

Hale did not pursue a direct appeal (*see* Docket Sheet); however, he timely filed

a § 2255 motion to vacate, on or about July 30, 2009, alleging that his counsel at

sentencing rendered ineffective assistance in a variety of ways (*see* Docs. 70-71),

including that he was ineffective in failing to file a direct appeal. Magistrate Judge

William E. Cassady conducted an evidentiary hearing on the failure to appeal issue on

April 13, 2010 (Doc. 111), after which he penned a 45-page recommendation that

Hale's motion to vacate be denied (Doc. 114). Hale's court-appointed attorney

submitted 50 pages of objections to the Report and Recommendation, "addressing both

the failure to appeal and § 851(b) issues, while also attempting to interject new and

untimely grounds for relief on Hale's behalf (*i.e.,* a claim that Hale received ineffective

assistance of counsel at the time of his guilty plea because he did not know he was

---

[1]     During sentencing, the parties stipulated that the quantity of drugs attributable to
Hale was between 30 and 50 kilograms but not more than 50 kilograms of **powder cocaine**.
(Doc. 62, at 34-35). Based on that agreement, Hale's base offense level was 34 and, following
consideration of other enhancements/adjustments, Hale's adjusted offense level was
determined to be 33. (*Id.* at 35-36). And while that adjusted offense level would render a
guidelines sentence of 135 to 168 months, the Court determined that the mandatory minimum of
240 months applied in the case because of Hale's prior conviction in state court of felony
possession of cocaine. (*See id.* at 36 & 40-41).

facing a 20-year mandatory minimum sentence, and a claim that the indictment was defective[2]." (Doc. 156, at 2 (footnote added)). On May 24, 2010, the Court entered an Order overruling all of Petitioner's objections, adopting the Report and Recommendation, denying the motion to vacate in its entirety, declaring Hale was not eligible for a Certificate of Appealability ("COA") or to proceed on appeal *in forma pauperis*, and terminating the appointment of his attorney. (Doc. 121; *see also* Doc. 122 (judgment)).

Hale appealed the denial of his § 2255 motion to vacate on the sole issue of whether counsel was ineffective in failing to file a direct appeal on his behalf. (*See* Doc. 137, at 3). On August 24, 2010, the Eleventh Circuit denied Hale's COA (*id.* at 4; *see also id.* (denying as moot Hale's motion for leave to proceed on appeal IFP)) and, on November 5, 2010, the appellate court denied his motion for reconsideration (Doc. 142, at 2), thereby concluding Hale's appeals from the denial of his § 2255 motion to vacate.

Some six months later, on May 23, 2011, Hale filed a voluminous motion for reconsideration in this Court (Doc. 149), "effectively seeking reopener of these long-closed § 2255 proceedings in an ill-advised attempt to re-litigate a host of claims already considered and rejected, and also to raise new claims that could and should have been raised previously but were not." (Doc, 156, at 2). Hale's motion for reconsideration was summarily rejected. (*See* Doc. 150 (endorsed order denying motion for reconsideration)). Hale filed a notice of appeal (Doc. 152) and sought leave to

---

[2] Hale filed a motion for leave to file an amended § 2255 petition on May 13, 2010 (Doc. 120), to assert the new claim that the indictment was defective because Count 1 (the count to which he pleaded guilty) charged that he conspired "to attempt" to possess with intent to distribute cocaine. He argued that this constituted a jurisdictional defect in the indictment. (*See id.*).

appeal *in forma pauperis* (Doc. 154). On July 6, 2011, this Court denied Hale's motion to proceed on appeal IFP, finding the appeal was not taken in good faith and, as well, determining that "[a]ny request that Hale might make for issuance of a Certificate of Appealability is likewise **denied** for the reasons set forth herein." (Doc. 156, at 5).

On May 18, 2012, Hale filed a motion to correct or reduce his sentence. (Doc. 166). As summarized by the Court (Doc. 167), Hale complained in this motion "that the Indictment charged him with conspiring 'to attempt to possess with intent to distribute . . . more than five kilograms of cocaine,' but that the Judgment entered on August 1, 2008 listed the offense of conviction as 'conspiracy to possess with intent to distribute cocaine.'" (*Id.* at 1; *see also id.* ("Hale asserts that the omission of the word 'attempt' in the Judgment constitutes a clerical error that can and should be corrected now under the authority of Rules 35 and 36.")). The Court rejected Hale's argument, finding no clerical error and that, as a matter of law, Hale was not entitled to any relief under Rule 36 (or Rule 35). (*Id.* at 2 & n.1). Hale's objections to the Order denying his motion to correct or reduce sentence (Doc. 168) were overruled by the Court on May 31, 2012 (Doc. 169). And in that Order, the Court certified that any appeal taken by Hale from that Order and the Order dated May 21, 2012, "would be plainly frivolous and not in good faith. Rule 36 can afford Hale no relief in these circumstances, as a matter of well-settled Circuit precedent. Accordingly, Hale will not be permitted to pursue an appeal *in forma pauperis*." (Doc. 169, at 2). Undaunted, Hale filed written notice of appeal (Doc. 170) and requested leave to appeal *in forma pauperis* (Doc. 172). As presaged by the May 31, 2012 Order (*see* Doc. 169), on June 25, 2012, the Court denied Hale's motion

to proceed on appeal *in forma pauperis* (*see* Doc. 173). And, ultimately, on December 7, 2012, Hale's appeal was dismissed due to his failure to pay the filing fee. (Doc. 176).

Following the conclusion of this appeal, Hale's case lay dormant in this Court for over six years. (*See* Docket Sheet). On May 13, 2019, however, Hale filed a 13-page motion to have his conviction and sentence declared void for lack of subject-matter jurisdiction (in accordance with Fed.R.Civ.P. 60(b)(4)). (Doc. 192). The Court denied Hale's motion by Oder dated May 20, 2019. (*See* Doc. 194).

Beginning in May 2010 and on several occasions since then, Hale has periodically petitioned this Court for relief from his conviction and sentence on the ground that the Indictment is defective because Count I (the count to which he pleaded guilty) charges that Hale conspired "to attempt to possess with intent to distribute" cocaine. According to Hale, this formulation constitutes a jurisdictional defect in the indictment. The Court has repeatedly addressed and rejected this claim as time-barred under the strict AEDPA one-year filing deadline. (*See* docs. 121, at 18-22; doc. 156, at 4; doc. 167; doc. 169.) Hale's appeals of these rulings have been fruitless.

Now, more than 11 years after entering his guilty plea, Hale endeavors once again to obtain relief from his conviction and sentence based on the "conspiring to attempt" language of the Indictment. His present Motion frames his theory as being that such language deprived the Court of subject matter jurisdiction because the charged offense is not a crime against the United States. The fundamental problem with Hale's argument is that it is untimely. Hale first raised this ground for collaterally attacking his conviction and sentence in May 2010, well after the one-year filing deadline prescribed by AEDPA had expired. As the Court has previously explained to him (*see* doc. 121 at 18-19 & n.19), dressing up this argument with a "jurisdictional" label does not exempt it from compliance with AEDPA and does not resuscitate an untimely argument that he now seeks to relitigate more than a decade after the fact. A veritable avalanche of federal precedent forecloses Hale's stratagem. Confronting an argument akin to Hale's, the Eleventh Circuit has written, "This is wrong. The habeas statute specifically includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under § 2255. . . . Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to a motion under this section." *Williams v. United States,* 383 Fed.Appx. 927, 929-30 (11th Cir. June 21, 2010) . . . .

In light of this unbroken line of authorities negating his claim, Hale's latest attempt to litigate the purported "jurisdictional defect" in his Indictment must fail. He raised this issue for the first time back in May 2010, well after expiration of the one-year AEDPA limitations period. Some nine years ago, this Court held that Hale's jurisdictional-defect argument – the very same one he seek to pursue today – is time-barred by a substantial margin. (Doc. 121, at 22.) The Eleventh Circuit affirmed that ruling. (Doc. 137.) His "Motion to Have Conviction Declared Void for Lack of Subject Matter Jurisdiction" (doc. 192) is **denied** for precisely the same reasons.

For all of the foregoing reasons, the Court **certifies** that the legal arguments presented in Hale's Motion are frivolous (*i.e.,* they lack an arguable basis in fact and law) and that any appeal from today's ruling would not be taken in good faith. Therefore, Hale will not be permitted to proceed on appeal *in forma pauperis*.

(*Id.* at 1-3 (footnote omitted)). Hale filed written notice of appeal (Doc. 195) and a motion to proceed on appeal *in forma pauperis* (Doc. 197), the latter of which the Court denied by Order dated July 9, 2019 (Doc. 198). And once this Court addressed whether a certificate of appealability was warranted, as requested by the Eleventh Circuit (*compare* Doc. 202, at 2 ("The Court determines that no COA is appropriate for any issues that Hale seeks to raise on appeal.") *with* Doc. 201 (Eleventh Circuit's remand of Hale's case for a determination by this Court on whether a COA is appropriate on any of the issues Hale seeks to raise on appeal and holding Hale's motion for IFP status on appeal in abeyance[3])), a panel of the appellate court (on January 23, 2020) denied Hale's motion for a COA and denied as moot his motion for leave to proceed *in forma pauperis* on appeal (Doc. 203).

---

[3]     In its remand order, the Eleventh Circuit panel observed that this Court construed Hale's motion as a 28 U.S.C. § 2255 motion to vacate and dismissed it as "untimely because it was filed almost 11 years after Hale's conviction became final." (Doc. 201, at 2).

Still undaunted and unable to accept his conviction and sentence, on July 15, 2020, Hale filed in this Court the instant 9-page "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Motion for Resentence Pursuant to Retroactive Section 404 of the First Step Act" (Doc. 204). And while Hale's motion does make prominent mention of the First Step Act (*see id.* at 1-2, 7 & 8-9), these references are interwoven with Hale's unrelenting attacks on the Indictment (*see id.* at 7-8), his apparent contention that his sentence was improperly enhanced under 21 U.S.C. § 851 (*see id.*), and his insistence that the Government has violated his due process rights (under the Fifth and Sixth Amendments) and his "Eight Amendment Right to charge in a grand jury indictment." (*Id.* at 8, citing *United States v. Davis,* 2019 U.S. Dist. Court LEXIS 36348). Hale concludes his present motion with the following:

> In the instant case at bar Jeremiah Hale case was not before a jury nor drug amount for relevant conduct were in the indictment. Attempt to possess if even a crime would only result in half the sentence Hale received. Elements for enhancement should be submitted to a jury or admitted by the defendant and must be proven for the enhancements must be proof beyond a reasonable doubt. In his indictment Hale was charge[d] with attempt but was sentence[d] as a person in possession. The evidence presented by the government does not match the statutory definition of a crime under § 841. For those reasons Hale should be immediately release[d] and this Motion under 28 U.S.C. § 2255 should be GRANTED.

(*Id.* at 9; *see also id.* ("**WHEREFORE** Petitioner prays this Honorable Court Grant His Motion to Vacate, Set Aside or Correct his Sentence pursuant to Motion under 28 U.S.C. § 2255.")). Therefore, while Hale makes some stabs at dressing up his motion as a First Step Act request, he unabashedly is collaterally attacking his conviction and sentence by once again taking direct aim at the Indictment. Thus, it is by no misstep on

Hale's part that he has filed his motion as a § 2255 motion to vacate.[4] It is equally true that this Court should dismiss Hale's present § 2255 collateral attack as a second or successive petition for which he has not sought, nor received, authority from the Eleventh Circuit Court of Appeals to file.[5]

## **DISCUSSION**

Rule 4 of the Rules Governing Section 2255 cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [court] must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). It is plainly appropriate for a district court to summarily dismiss a successive § 2255 motion prior to any answer or other pleading by the United States. *See Nunn v. United States*, 2013 WL 1099321, *2 (M.D. Ala. Feb. 27, 2013) ("Petitioner has yet to obtain the pre-certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. The motion now before this court is Petitioner's

---

[4]     *Compare United States v. Means,* 787 Fed.Appx. 999, 1001 (11th Cir. Sept. 11, 2019) ("Here, Mean's challenge to his § 851 enhancement – arguing that the enhancement did not apply because one of his prior felony drug convictions was comprised of the same conduct as his felony convictions in this case – was a claim attacking his sentence. As a result, he needed to bring the claim in a motion to vacate his sentence under § 2255 [rather than via 18 U.S.C. § 3582(c)(2)].") *with Perry v. United States,* 2019 WL 2494576, *3 (S.D. Ala. June 13, 2019) ("[T]he Court is not at liberty to address constitutional claims under the auspice of 18 U.S.C. § 3582[, the procedural vehicle through which this Court may modify a defendant's sentence]. . . . As such, all of the constitutional claims asserted by Perry must be made through a collateral attack under § 2255.").

[5]     Even if this Court reads Hale's motion as solely seeking a sentence reduction pursuant to Section 404 of the First Step Act, this motion should be denied because Hale's conviction for conspiracy to possess with intent to distribute powder cocaine is not a "covered offense" under First Step Act § 404, that is, this conviction was not modified by section 2 or 3 of the Fair Sentencing Act. *United States v. Pubien,* 805 Fed.Appx. 727, 729-30 (11th Cir. Feb. 25, 2020).

fifth § 2255 motion attacking the same convictions and sentence. Because Petitioner has not obtained permission from the appellate court to file a successive § 2255 motion, this court lacks the jurisdiction to consider the merits of his present § 2255 motion and the motion should be **summarily dismissed**." (emphasis supplied)), *report and recommendation adopted,* 2013 WL 1099733 (M.D. Ala. Mar. 15, 2013); *United States v. Minefield*, 2011 WL 4374201, *2 (M.D. Ala. Aug. 17, 2011) ("The pleadings and documents in the instant case reflect that Minefield has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. Accordingly, this court lacks the jurisdiction to consider the merits of Minefield's present motion, and the motion is due to be **summarily dismissed**." (emphasis supplied)), *report and recommendation adopted*, 2011 WL 4374009 (M.D. Ala. Sept. 20, 2011).

Hale's motion to vacate is due to be summarily dismissed with prejudice due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A) and 2255(h). It is clear that a "petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Anderson v. United States,* 799 Fed.Appx. 799 (11th Cir. Mar. 27, 2020) ("A federal prisoner who has previously filed a § 2255 motion in federal court must obtain authorization from this Court before filing a 'second or successive' collateral attack on

the same conviction. . . . Without authorization, the district court lacks jurisdiction to consider a successive § 2255 motion and must dismiss the claims presented."); *Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert*. denied,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 483 (2009); *Minefield, supra,* at *2 ("A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.") .

The instant motion to vacate, filed July 15, 2020, is indisputably a second/successive petition,[6] yet there is nothing to indicate that Petitioner filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this motion. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it.").[7] Because Petitioner

---

[6] To the extent this Court disposed of Hale's "first" habeas petition at least in part on statute of limitations grounds (recognizing, of course, that most of Hale's ineffective assistance of counsel claims were actually disposed of on the merits), such decision constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections*, 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed pro se an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied*, 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

[7] This despite the fact that this Court informed Hale long ago that before filing a second or successive § 2255 petition, he must request and obtain permission from the Eleventh
(Continued)

has not applied to the Eleventh Circuit Court of Appeals for permission to file this his

second—if not third (*see* Docs. 194 & 201)—motion to vacate, nor been granted leave

of that court to file another motion to vacate, this Court lacks jurisdiction to consider

Hale's request for relief, *compare id.* ("Without authorization, the district court lacks

jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d

1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked

jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to

this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203,

117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be summarily

dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A).

*Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district

court to dismiss for lack of jurisdiction a second or successive petition for a writ of

habeas corpus unless the petitioner has obtained an order authorizing the district court

to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without

authorization, the district court lacks jurisdiction to consider a second or successive

petition.").[8]

---

Circuit. (*See* Doc. 167, at 2-3 ("What Hale is attempting to do is to repackage a failed argument that was untimely raised in his § 2255 proceedings as a brand-new Rule 36 Motion. As stated above, Rule 36 cannot avail him. While such a filing might be cognizable as a § 2255 motion in the first instance, this path is foreclosed to Hale because he has neither requested nor obtained permission from the Eleventh Circuit to file a second or successive § 2255 petition. *See, e.g., Williams v. Chatman,* 510 F.3d 1290, 1295 (11th Cir. 2007)[.]")).

[8]     The undersigned recommends that this Court dismiss with prejudice Hale's present motion to vacate due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther v. Holt,* 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be (Continued)

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given that the instant motion to vacate is unquestionably a second/successive petition, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Hale's motion to vacate, nor could a

---

transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals *'[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court.'"), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because, as the procedural history of this case establishes, his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that the instant motion to vacate (Doc. 204) be summarily dismissed with prejudice due to his failure to comply with 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of August, 2020.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**